CAUSE NO. E/194295

| | | |
|---|---|---|
| MARCELINO RODRIGUEZ, DONNA JEAN FORGAS, LINDA MARIE WILTZ GILMORE, | § § § § | |
| Plaintiffs, | § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, WOODROW REECE, TERRY D. WILLIAMS, JANICE BRASSARD, GWEN AMBRES and ZENOBIA RANDALL BUSH, in their respective official capacity as Trustees of Defendant Beaumont Independent School District, | § § § § § § § § § | JEFFERSON COUNTY, TEXAS  172ᵈ JUDICIAL DISTRICT |
| Defendants. | § § | |

## ORIGINAL PETITION FOR INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

Plaintiffs Marcelino Rodriguez, Donna Jean Forgas and Linda Marie Wiltz Gilmore

complain against Defendants Beaumont Independent School District, Woodrow Reece, Terry D.

Williams, Janice Brassard, Gwen Ambres and Zenobia Randall Bush as follows:

I.

## DISCOVERY LEVEL

1.     Plaintiffs intends that discovery be conducted under Level 2 and affirmatively

pleads Plaintiff seeks declaratory, and preliminary and permanent injunctive relief. Tex. R. Civ.

P. 190.



1

EXHIBIT
4-B

II.

## PARTIES

2.  Plaintiffs MARCELINO RODRIGUEZ, DONNA JEAN FORGAS and LINDA MARIE WILTZ GILMORE, called "Plaintiffs" herein, are all Beaumont, Jefferson County, Texas registered voters.

Plaintiffs are judicially confirmed, unopposed candidates in the next election of trustees of Defendant Beaumont Independent School District, with Plaintiff Rodriguez as an unopposed candidate for trustee election district 2, Plaintiff Forgas as an unopposed candidate for trustee election district 1 and Plaintiff Gilmore as an unopposed candidate for trustee election district 3.

3.  Defendant Beaumont Independent School District (herein called "BISD") is a political sub-division of the State of Texas, and is governed by a seven member Board of Trustees (called the "Board").

BISD may be served with Citation through its Superintendent of Schools, Timothy Chargois, at BISD's central office located at 3395 Harrison Avenue | Beaumont, TX 77706.

4.  Defendant WOODROW REECE is a Jefferson County, Texas resident and is a current Board Trustee. Trustee Reece is sued herein in his Trustee capacity.

Trustee Reece may be served with Citation at 1635 Roberts Street, Beaumont, Texas 77701.

5.  Defendant TERRY D. WILLIAMS is a Jefferson County, Texas resident and is a current Board Trustee. Trustee Williams is sued herein in his Trustee capacity.

2

Trustee Williams may be served with Citation at 7195 Yucca, Beaumont, Texas 77708.

6.    Defendant JANICE BRASSARD is a Jefferson County, Texas resident and is a current Board Trustee. Trustee Brassard is sued herein in her Trustee capacity.

Trustee Brassard may be served with Citation at 820 Chatwood Drive, Beaumont, Texas 77706.

7.    Defendant GWEN AMBRES is a Jefferson County, Texas resident and is a current Board Trustee. Trustee Ambres is sued herein in her Trustee capacity.

Trustee Ambres may be served with Citation at 4615 Prairie Street, Beaumont, Texas 77707.

8.    Defendant ZENOBIA RANDALL BUSH is a Jefferson County, Texas resident and is a current Board Trustee. Trustee Bush is sued herein in her Trustee capacity.

Trustee Bush may be served with Citation at 1177 Weiss Street, Beaumont, Texas 77703.

9.    Said individual Defendants are sometimes called herein "Defendant Trustees."

III.

## JURISDICTION

10.    This Court has subject matter jurisdiction pursuant to TEX. ELEC. CODE § 273.081, and TEX. GOV'T CODE §§ Sec. 24.007 and 24.008.

3

IV.

## VENUE

11.     Venue in this Court as to BISD is proper under TEX. CIV. PRAC. & REM CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claims herein stated occurred in Jefferson County, Texas. Venue in this Court as to the Defendant Trustees is proper pursuant to TEX. CIV. PRAC. & REM CODE § 15.002(a)(2). They each resided in Jefferson County, Texas at the time the causes of action alleged herein accrued.

V.

## FIRST CLAIM FOR RELIEF -DECLARATORY RELIEF

12.     BISD is required to hold a joint election for its Board trustees, and on February 21, 2013, BISD ordered an election for May 11, 2013, which would have been "the first regular school board election at which trustees may officially recognize and act on the last preceding federal census." TEX. EDUC. CODE §§ 11.052(i) and 11.059.

13.     On December 27, 2012, BISD issued a public notice of the deadlines for interested persons to file an application for placement on the BISD May 11, 2013 election ballot. The noticed filing period was January 30, 2013, through March 1, 2013.

14.     Texas law requires "not later than the 90th day before the date of the first regular . . . election at which trustees may officially recognize and act on the last preceding federal census," the Board must re-divide its election districts if the most recent federal census data shows that "the population of the most populous district exceeds the population of the least populous district by more than 10 percent." TEX. EDUC. CODE § 11.052(i). Because the 2010 federal census data showed such a deviation, the Board was mandated to re-divide the seven trustee election districts.

4

15.    On February 21, 2013, the Board, by majority vote, approved seven *new* single-member trustee districts ("Plan 7B") for use in trustee elections going forward, including at the "first regular . . . election at which trustees may officially recognize and act on the last preceding federal census. TEX. EDUC. CODE § 11.052(i).

16.    Texas law also required that "[a]t the first election at which some or all of the trustees are elected . . . after each redistricting, all positions on the [B]oard shall be filled." TEX. EDUC. CODE § 11.052(h).

17.    On February 21, 2013, the Board ordered an election, and plainly contrary to TEX. EDUC. CODE § 11.052(h), only noticed therein an election for new trustee election districts 4, 6, and 7.

18.    Before the application filing deadline ended on March 1, 2013, Plaintiffs filed their applications for a place on the next election ballot. On March 4, 2013, however, BISD rejected the applications because the Board had only ordered, albeit unlawfully, an election for new trustee election districts 4, 6, and 7.

19.    After the rejection, on March 7, 2013, Plaintiffs filed a Petition for Writ of Mandamus with the Ninth District for the Texas Court of Appeals ("COA") at Beaumont, Texas. *In re Marcelino Rodriguez, Donna Jean Forgas, Linda Marie Wiltz Gilmore and Michael Scott Neil*, No. 09-13-00115-CV.

20.    Plaintiffs alleged BISD unlawfully rejected their applications because TEX. EDUC. CODE § 11.052(h) mandated that all positions are on the ballot at the first election following redistricting, and that BISD was statutorily required to certify Plaintiffs as "unopposed" candidates and otherwise to hold the election in compliance with the TEX. ELEC. CODE § 2.052. Plaintiffs also argued, successfully, that the Board had failed timely or otherwise to utilize TEX.

5

EDUC. CODE § 11.053(a), an exception to TEX. EDUC. CODE § 11.052(h) that would allow trustees with unexpired terms serve the remainder of their terms after redistricting.

21.    Realizing its failure and the legal consequence, the Board called a Special Meeting on March 8, 2013, in an attempt to "unwind" its February 21, 2013, redistricting and thereby prevent application of TEX. EDUC. CODE § 11.052(h). BISD claimed it needed to rescind its adoption of Plan 7B and the election order because it adopted the plan ten days (11) past the statutory deadline. *See* TEX. EDUC. CODE § 11.052(i) and TEX. ELEC. CODE § 276.006.

22.    Despite the Board's continuous redistricting efforts since the May 14, 2011, citizen led petition referendum to convert to a 5/2 plan, and when questioned about the missed deadline, BISD's lawyer Melody Chappell explained to the Board in public on March 8, 2013, that she missed the ninety (90) day deadline because she was "too busy".

23.    Amazingly, the Board's remedy was to revert back to the old, 2001 election boundaries. A 2013 election under the old districts, however, would have unquestionably resulted in the deprivation of thousands of Beaumont voters' 14th Amendment voting rights. *See Gamza v. Aguirre*, 619 F.2d 449, 453 (5th Cir. 1980) ("the 'right to vote' ... [is] a ... substantive right, conferred by the equal protection clause, 'of a person to vote on an equal basis with other voters'") (citation and internal quotation marks omitted). The Board was unmoved, and voted to re-institute the old trustee district lines and adopted what amounted to a new election order.

24.    By doing so, the Board sought to rob Plaintiffs of their uncontested place on the election ballot by hopefully avoiding the operation of TEX. EDUC. CODE § 11.052(h) and thereby keep the *former* district 1, 2, and 3 incumbent trustees in office beyond May 2013, the same trustees who neglected to file for re-election. The Board's new election order also set a filing

6

period for candidates that had already passed, thereby precluding any new candidates from running in the next election.

25.     On March 18, 2013, the Ninth COA's granted Plaintiffs' Petition for Writ of Mandamus, in part, ordering BISD to accept Plaintiffs' applications. Consistent with the Texas Election Code, the COA's Opinion and Judgment acknowledge the Board then had the option to either (1) place Plaintiffs' names on the ballot at the next election, or (2) act to declare Plaintiffs' elected to office. After May 11, 2013, option number 1 is eliminated.

26.     Also, the Beaumont COA ordered that BISD must use "Map 7B" in the ordered election, that is, "the first regular school board election at which trustees may officially recognize and act on the last preceding federal census." TEX. EDUC. CODE § 11.052(i). The COA applied the equitable principle set forth in *In Re Gamble*, 71 S.W.3d 313 (Tex. 2002) to excuse the Board's failure to meet the ninety (90) day redistricting deadline by eleven (11) days, finding it did not prevent compliance with any other provision of the Texas Election Code or the Texas Education Code in a way invalidating the Board-ordered election.

27.     The Beaumont COA additionally assumed the Board would comply with the federal preclearance requirement of Section 5 of the Voting Rights Act concerning Plan 7B and seek expedited review from the U.S. Attorney General. *Id.* BISD had in fact submitted Plan 7B to the U.S. Department of Justice ("DOJ") for Section 5 preclearance on March 1, 2013.

28.     Despite its administrative DOJ Section 5 submission, on March 27, 2013, BISD instituted a Section 5 declaratory judgment action in Washington D.C. *See Beaumont Independent School District v. United States of America and Eric H. Holder, Jr.*, No. 1:13-CV-401, In the United States District Court for the District of Columbia (the "D.C. Action").

7

29.     BISD seeks in the D.C. Action a declaration that Plan 7B does not violate Section 5. Therein, BISD also unilaterally declared that the Beaumont COA's decision effected a voting "change" requiring Section 5 preclearance. Plaintiffs along with BISD Trustee Michael Scott Neil were, upon motion, permitted to intervene as defendants in the D.C. Action.

30.     Thereafter, on about April 8, 2013, the DOJ requested additional information from BISD about a portion of Plan 7B. To date, and upon information and belief, BISD has not yet complied the DOJ's request.

31.     On April 9, 2013, the DOJ filed an unopposed Motion for Temporary Restraining Order and Preliminary Injunction. On that same day, a single judge in the D.C. Action issued a temporary restraining order enjoining BISD from implementing any voting changes not precleared until such time as the three-judge panel assigned to the D.C. Action could conduct a preliminary injunction hearing.

32.     On April 23, 2013, the three-judge panel assigned to the D.C. Action, and with the agreement of the parties and intervenors, issued a *preliminary* injunction enjoining BISD from conducting a May 11, 2013, election because Plan 7B lacked preclearance. *See Chaplaincy of Full Gospel Churches v. England*, 454 F. 3d 290, 297 (D.C. Cir. 2006) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.") (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).

33.     The D.C. court neither cancelled the May 11, 2013, election or any related part of it. The court's preliminary injunction also did not order that a BISD trustee election be held in November 2013 nor did the court enjoin, set aside or invalidate any part of the COA's March 18, 2013's Opinion and Judgment. The D.C. court did not direct BISD to order a November 2013 trustee election or to cancel the May 2013 election, or any part thereof.

34.     As of the filing of this Petition, neither the D.C. Court nor the DOJ has granted or denied Plan 7B preclearance.

35.     At the April 23, 2013, preliminary injunction hearing, the D.C. court did request additional briefing from the parties and intervenors concerning the Beaumont COA's Opinion and Judgment, including its effect with respect to a post-May 11, 2013, trustee election.

36.     Upon query by one of the three judges of the D.C. court, BISD represented that the Board would soon be addressing the issue of whether a post-May 11, 2013, election would encompass three (3) positions, or all seven (7) positions.

37.     On April 29, 2013, the Board held a special meeting, and by affirmative vote of BISD Trustees Woodrow Reece, Terry D. Williams, Zenobia Bush, Janice Brassard and Gwen Ambres, adopted the following resolution:

> THEREFORE, BE IT RESOLVED by the Board of Trustees ... that the May 11, 2013 election is cancelled; and a new election is called for November 5, 2013. Additionally that the board elects that current trustees in positions IV, VI, and VII shall remain in office until duly elected officers are elected and sworn in after November 5, 2013.
>
> The Board RESOLVES that the terms of trustees elected in November 2013 shall expire in May 2017.
>
> The Board further RESOLVES THAT the board elects to provide for the continuation in office of trustees for the remainder of their unexpired terms pursuant to § 11.053(a) of the Texas Education Code.

A true and correct copy of the said resolution is attached hereto as *Exhibit A*, and is incorporated into this Petition as if fully stated herein.

38.     At the April 29, 2013, special meeting, the Board also by affirmative majority vote of the same five (5) trustees adopted a resolution authorizing and directing BISD's attorneys "to take all steps to cancel the May 11, 2013, election."

9

39.    In advance of the meeting, counsel for Plaintiffs wrote BISD's counsel warning that the proposed measure would violate the Texas Election Code in several respects. The Board, with the advice of its attorneys, elected to ignore the caution.

40.    BISD adopted the said resolution, *Exhibit A*, and in violation of material provisions of the Texas Election Code and the Texas Education Code, to harm and deprive Plaintiffs' of their vested state-law rights as uncontested candidates in new trustee election districts 1, 2 and 3, respectively, and in connection with the first, post-redistricting trustee election.

41.    Plaintiffs are the clear targets and victims of the Board and Defendant Trustees' wrongful action, including BISD's violations of the Texas Election Code and the Texas Education Code. The Board majority made clear in adopting the resolution, and in other venues, its expressed intent to harm and undermine Plaintiffs' rights in order to preserve in office until May 2015 current BISD Trustees Reece, Williams and Bush who all neglected to file for re-election. The Board and Defendant Trustees' actions were also intended to harm Plaintiffs, and Plaintiffs alone, by undermining and hopefully circumventing the Beaumont COA's Opinion and Order that confirmed and upheld Plaintiffs' election-related rights.

42.    BISD, through its attorneys, have expressed publicly its intent to use and offer the legally invalid April 29, 2013, resolution in the pending D.C. Court action to further BISD's actual goal of divesting Plaintiffs' of their rights under the Texas Election Code, the Texas Education Code and under the Beaumont COA's Opinion and Judgment, again all in an attempt to keep Trustees Reece, Williams and Bush in office. The Board and Defendant Trustees failed to comply with the applicable law, and want Plaintiffs to suffer the consequence.

43.    Additionally, should the Board and Defendant Trustees' unlawful actions alleged herein be allowed to stand and/or be further implemented by the Board, including its untimely and unlawful April 29, 2013 TEX. EDUC. CODE § 11.053(a) election, Plaintiffs, as both confirmed candidates for new trustee election districts 1, 2 and 3, respectively, and also as persons who otherwise would seek to run for the said positions at the next trustee election, will suffer, among other harms, the inability to run for the said positions until 2015, the very outcome desired by BISD *via* the wrongful acts herein alleged.

### November 2013 Trustee Election Is
### Prohibited under State Law

44.    Section 11.058 of the TEX. EDUC. CODE provides that "an election for the trustees of an independent school district *shall* be held on the same date as" either (1) "the election for the members of the governing body of a municipality located in the school district," or (2) on the same date as the "general election for state and county officers."

45.    By statute, the State of Texas and Jefferson County, Texas officer elections take place only in November of even numbered years. Beaumont city council elections occur only in May of odd numbered years.

46.    Section 41.0052(a) of the TEX. ELEC. CODE provides: "The governing body of a political subdivision, other than a county, that holds its general election for officers on a date other than the November uniform election date, may, not later than December 31, 2012, change the date on which it holds its general election for officers to the November uniform election date."

11

47.     Before December 31, 2012, BISD failed to elect to hold its trustee election on the November uniform election date. Instead, as reflected by the Board's February 21, 2013, election order and existing BISD Board policy, BISD elected to hold its regular elections in May of odd numbered years (e.g., May 2013) along with the Beaumont municipal election.

48.     Plaintiffs thus seek a declaration of this Court that the Board and Defendant Trustees lacked authority under Texas law, including under the Texas Election Code, to order, conduct, implement and/or to proceed with a trustee election in November 2013, and that the Board's resolution to this effect was and is unlawful, ultra vires, of no legal effect and/or is void.

### Cancellation of an Election Once Ordered is Not
### Authorized by State Law

49.     With one exception not here applicable, a Board of Trustees of a Texas independent school district lacks statutory authority to cancel a trustee election once ordered, especially after filing and redistricting deadlines have expired. Consequently, the Board and Defendant Trustees would also lack authority to order BISD's attorneys to take action to carry into effect or in any way implement the unauthorized and unlawful act of cancelling an election once ordered.

50.     Consequently, Plaintiffs seek a declaration of this Court that the Board and Defendant Trustees lacked authority under Texas law, including under the Texas Election Code, to cancel the May 11, 2013, election, or any related part of it, and that the Board's resolution to this effect was and is unlawful, ultra vires, of no legal effect and/or is void. Plaintiffs seek the same declaration with respect to the resolution authorizing BISD's attorneys to "take all steps to cancel the May 11, 2013, election."

### Unlawful for Board to Exercise § 11.053(a) Option in Connection
### with Unlawful November 2013 Election

51.    Under Tex. Educ. Code § 11.052(i), "Not later than the 90[th] day before the date of the first regular school board election at which trustees may officially recognize and act on the last preceding federal census, the board shall re-divide the district into the appropriate number of trustee districts if the census data indicates that the population of the most populous district exceeds the population of the least populous district by more than 10 percent."

52.    The May 2013 trustee election mandated by Texas law and ordered by BISD was and is the "first regular school board election at which trustees may officially recognize and act on the last preceding federal census," not BISD's unlawful November 2013 election called by it on April 29, 2013.

53.    In addition, BISD redistricted because of the federal census on February 21, 2013, and has not again and cannot lawfully redistrict with respect to a November 2013 election. First, a November 2013 trustee election would be unlawful, and void under the Texas Election Code. Next, Plaintiffs contend further census-related redistricting for a November 2013 trustee election would both contravene Tex. Educ. Code § 11.052(i) and impermissibly undermine the Beaumont COA's Opinion and Judgment and the law cited and relied upon the Court in reaching its decision.

54.    Plaintiffs accordingly seek a declaration from the Court that the Board and Defendant Trustees' April 29, 2013, exercise of Tex. Educ. Code § 11.053(a) is ineffective with respect to a November 2013 election called and/or ordered by BISD, and thus legally insufficient to retain incumbent Defendant Trustees Reece, Williams and Bush in office until May 2015. Plaintiffs further seek a declaration of the Court that, in the absence of the D.C. court's denial of

13

Section 5 preclearance of Plan 7B, Texas law would prohibit the Board and Defendant Trustees from acting upon and/or implementing further census-related redistricting with respect to a BISD-ordered and/or conducted November 2013 trustee election.

VI.

## SECOND CLAIM FOR RELIEF – TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

55.     Plaintiffs incorporate and restate their averments made in paragraphs 1 through 54 above.

56.     Section 273.081 of the TEX. ELEC. CODE provides, "A person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring."

57.     As alleged herein above, Plaintiffs are persons who are being irreparably harmed, and/or are persons in danger of being harmed by BISD and the Defendant Trustees' violations of the Texas Election Code and/or by threatened violations of the said Code.

58.     Further, Plaintiffs are being harmed and are in actual and imminent danger of further harm by BISD and Defendant Trustees' unchecked violations of the Texas Education Code as alleged herein.

59.     BISD and Defendant Trustees simply will not comply with the law unless ordered to do so by a Court. Keeping the three above-mentioned incumbent trustees in office until 2015 is simply more important to Defendant Trustees.

60.     The equities rest exclusively and strongly with Plaintiffs who have done nothing but comply with the applicable provisions of the Texas Election Code and Texas Education Code.

14

61.     BISD and the Defendant Trustees suffer no legally cognizable harm or injury by complying with applicable law. In fact, it is of significant public interest, as such interest is expressed by the relevant statutes, for BISD, a government entity, and Defendant Trustees to comply with the Texas Election Code, Texas Education Code and other applicable law. BISD, as such, should have no interest whatsoever in keeping any trustees in or out of office.

62.     Plaintiffs have alleged herein, and will show upon preliminary hearing, a probable right to relief arising from the Board and the Defendant Trustees' violations of the Texas Election Code and Texas Education Code. Unless the *status quo* is maintained by Court order until a full hearing on the merits, Plaintiffs will likely suffer and continue to suffer irreparable harm and injury.

63.     BISD and Defendant Trustees have taken steps, and unless stopped by Court order, will take additional steps to implement and effect the unlawful April 29, 2013, resolution and/or material parts thereof all to the specific harm of Plaintiffs.

64.     Plaintiffs thus request that the Court set an expedited temporary injunction hearing, and thereupon enter its temporary injunction against BISD, Defendant Trustees, and BISD's attorneys, employees and others acting in concert with BISD, from in any manner effecting or implementing the April 29, 2013, resolution. TEX. R. CIV. P. 683.

65.     Plaintiffs have no adequate remedy at law, and request that upon final hearing, the Court enter its permanent injunction enjoining use and/or the enforcement of said unlawful BISD resolution and order such other equitable relief necessary to remedy BISD's and the Defendant Trustees' violations of the Texas Election Code and Texas Education Code, and otherwise to enforce the declarations of the Court requested in Count I above.

15

VII.

PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs Marcelino Rodriguez, Donna Jean

Forgas, and Linda Marie Wiltz Gilmore pray that the Court:

A.    Enter the declarations they request above under Count I of the Petition;

B.    Grant the temporary and permanent injunctive relief, and the other equitable

relief, they request above under Count II of the Petition;

C.    Award them their necessary and reasonable attorneys' fees and costs of court as

allowed by the Texas Uniform Declaratory Judgment Act; and

D.    Grant them such other legal and equitable relief as warranted upon trial of this

action.

RESPECTFULLY SUBMITTED,

MICHAEL J. TRUNCALE. ESQ
Orgain Bell & Tucker, LLP
470 Orleans
Beaumont, TX 77704
Tel. No. 409.838 .6412 Fax No. 409.838.6959
Texas State Bar No. 20258125

MICHAEL D. GETZ, ESQ.
P.O. Box 1083
Beaumont, TX 77706
Tel. No. 409.832.3381 Fax No. 409.832.33.84
Texas State Bar No. 07835280

16

David Vann de Cordova, Jr. (by permission)

DAVID VANN DE CÓRDOVA, JR., ESQ.
1683 Lindbergh Drive
Beaumont, TX 77707
Tel. No. 409.842.0920 Fax No. 409.842-0920
Texas State Bar No. 05712550


Hubert Oxford IV (by permission)

HUBERT OXFORD, IV, ESQ.
Benckenstein & Oxford, LLP
3535 Calder Ave., Ste. 300
Beaumont, TX 77706
Tel. No. 409.833.9182 Fax No. 409.833.8819
Texas State Bar No. 24010284

Attorneys for Plaintiffs Marcelino Rodriguez,
Donna Jean Forgas, Linda Marie Wiltz Gilmore

THE STATE OF TEXAS

COUNTY OF JEFFERSON

BEAUMONT INDEPENDENT
SCHOOL DISTRICT

### RESOLUTION

WHEREAS, on April 22, 1985, the United States District Court for the Eastern District of Texas ordered the use of single-member districts for the election of the seven school district trustees for the Beaumont Independent School District; and

WHEREAS, the Court also required that the trustees' terms be staggered, with a subset of trustees chosen at each subsequent election; and

WHEREAS, since June 1, 1985 the Beaumont Independent School District has conducted single-member district elections with staggered terms; and

WHEREAS, the Beaumont Independent School District has continued this practice of using seven single member districts with staggered terms for the past 26 years, through two redistricting cycles; and

WHEREAS, the terms of the trustees in current districts IV, VI, and VII expire May 13, 2013; and

WHEREAS, the 4 year terms of duly elected trustees in current districts I, II, III and VI shall expire in May 2015; and

WHEREAS, due to population shifts reflected in the 2010 federal census, the Beaumont Independent School District is required to redistrict its electoral maps prior to holding trustee elections during 2013; and

-1-

WHEREAS, the scheduled May 2013 election has been enjoined by a three judge panel for the United States District Court for the District of Columbia; and

WHEREAS, the Beaumont Independent School District Board of Trustees seek to advance the important objective of conducting a fair and orderly school board election within the very near future; and

WHEREAS, Texas Education Code § 11.0581 provides that an election for trustees of an independent school district shall be held on the same date as the general election for state or county officers; and

WHEREAS, the next uniform general election date for state and county officers is November 5, 2013; and

WHEREAS, the Beaumont Independent School District seeks to hold its next election for the three trustees with terms expiring May 2013 on November 5, 2013; and

WHEREAS, § 11.053 of the Texas Education Code provides that trustees of a district may provide for members serving at the time of a redistricting to serve for the remainder of their unexpired terms; and

WHEREAS, the Board of Trustees elects the option for trustees with unexpired terms to continue in office to serve out the remainder of the duly elected four-year terms expiring in 2015 after the adoption of a new single-member plan or completion of its 2013 redistricting in accordance with § 11.053, Tex. Educ. Code,

WHEAREAS, the Board of Trustees shall begin the process of amending its policy BBB to provide for a November election of three (3) trustee positions and its past and continued practice of

-2-

allowing trustees to remain in office to serve out staggered terms as seen in Exhibit "1" attached to this Resolution; and

THEREFORE, BE IT RESOLVED by the Board of Trustees, Beaumont Independent School District, that the May 11, 2013 election is cancelled; and a new election is called for November 5, 2013. Additionally that the board elects that current trustees in positions IV, VI, and VII shall remain in office until duly elected officers are elected and sworn in after November 5, 2013. The Board RESOLVES that the terms of trustees elected in November 2013 shall expire in May 2017. The Board further RESOLVES THAT the board elects to provide for the continuation in office of trustees for the remainder of their unexpired terms pursuant to § 11.053 (a) of the Texas Education Code.

The foregoing Resolution was adopted as a valid action of the Board of Trustees, Beaumont Independent School District, by a majority of those trustees present and voting, at which a quorum was present, on April 29, 2013, in Beaumont, Jefferson County, Texas.


_____
Woodrow Reece, President
Board of Trustees
Beaumont Independent School District


ATTEST:

_____
Terry Williams, Secretary
Board of Trustees
Beaumont Independent School District

-3-

Beaumont ISD
123910

BOARD MEMBERS                                                    BBB
ELECTIONS                                                       (LOCAL)

ELECTIONS AND    The next general Trustee election shall be held jointly with Jeffer-
TERMS            son County on November 5, 2013.  Elections shall be held jointly
                 with the City of Beaumont on the municipal May election date in
                 each odd-numbered year thereafter.   Positions elected on Novem-
                 ber 5, 2013 shall expire in May of 2017.  Beginning with the May
                 2015 election, all positions elected are for four-year terms.

                 The terms of Trustees holding Districts 4, 6 and 7 shall expire in
                 May 2013, however such trustees shall remain in office until an
                 election can be held on November 5, 2013 and duly elected trus-
                 tees are sworn in.

                 Trustees representing Districts 1, 2, 3 and 5 are currently serving 4
                 year terms that expire in May 2015.  Under § 11.053 of the Texas
                 Education Code, the Board elects the option that trustees serving
                 after redistricting shall serve for the remainder of their unexpired
                 terms.

                 After redistricting and beginning after November 5, 2013, elections
                 shall be held in May of each odd numbered year.  Election rotation
                 of trustee positions shall continue thereafter, in cycles of four-year
                 terms as follows:

POSITIONS 1, 2, 3, &    2015, 2019, 2023 and in a like manner thereafter.
5

POSITIONS 4, 6, & 7    2017, 2021, 2025 and in a like manner thereafter.

I CERTIFY THIS AS A TRUE COPY
Witness my Hand and Seal of Office

MAY 0 3 2013

LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY_____DEPUTY
                          ZIppm
                          DR

DATE ISSUED: 4/15/2008            ADOPTED:                    1 of 1
LDU 2008.05
BBB(LOCAL)-X

